D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10004
(212) 688-5640
maimon@jk-llp.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------x
**GRACE CHOI,**

          **Plaintiff,**

   v.

**KINJO DUMBO LLC, DANIEL CHIU,**
**DAVID LIU, and JOHNNY HUANG,**

          **Defendants.**
-------------------------------------------------x

CASE NO. 1:26-CV-522

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, as the Plaintiff is a citizen of the State of New Jersey and all Defendants are citizens of the State of New York.

Furthermore, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

4. Defendant KINJO DUMBO LLC is a New York limited liability company that owns and operates Kinjo restaurant located in Dumbo, Brooklyn. Upon information and belief, all of the members of Kinjo Dumbo LLC are citizens of New York.

5. Defendants Daniel Chiu and David Liu are active owners at Kinjo who live in Brooklyn, New York. They were both regularly present at the restaurant, and had authority of hiring and firing employees. Defendant Chiu in fact terminated Plaintiff's employment. When Plaintiff suffered the illegal harassment set forth herein, she complained to Defendants Chiu and Liu, who both exercised authority of the restaurant's personnel. Both defendants make decisions with respect to employees rates of pay. And they are both listed as principals of the restaurant with New York State Liquor Authority. They both regularly appear in interviews and on social media as individuals that runs the restaurant.

6. Defendant Johnny Huang is an owner/chef and manager of Kinjo. He is a citizen of New York. He is in the restaurant almost every day. She exercises total managerial authority over sushi chefs, including their hiring/firing, schedules and rates of pay. She often appears in interviews and on social media as an individual that runs the restaurant.

7. Plaintiff Grace Choi ("Plaintiff") was employed by Defendants as a server at Kinjo October 2024 through January 2025. Plaintiff is a citizen of New Jersey.

2

# FACTS

8. Defendants committed the following alleged acts knowingly, intentionally and willfully.

9. Plaintiff was employed by Defendants as a server from late 2024 through early 2026.

10. Throughout Plaintiff's employment she was paid pursuant to New York's food service minimum wage, which is less than the full minimum wage,

11. However, Defendants were not entitled to pay Plaintiff this lower wage, because they did not give her proper notice of the tip credit.

12. For example, when Plaintiff was hired, she was not informed that the full minimum wage was $16.00 per hour or that Defendants would be applying a $5.35 tip credit to her minimum wage.

13. Plaintiff worked overtime for Defendants. For example, during the pay period ending 10/27/2024, Plaintiff was paid for 7.63 overtime hours.

14. Because Plaintiff's regular rate was improperly calculated using the tip credit, her overtime rate was also calculated incorrectly.

15. Defendants did not give Plaintiff a proper Notice and Acknowledgement of Pay Rate form. This violation caused Plaintiff to be underpaid, as it is illegal to pay an employee pursuant to the tip credit if they are not properly apprised of such.

16. Plaintiff was illegally required to share tips with Defendant Huang.

17. Plaintiff was also illegally required to share tips with floor manager Yudi Purnama.

18. Mr. Purnama has and exercises meaningful authority over service employees, including directing their work and addressing personnel issues. For example when Plaintiff

addressed certain personnel issues with Defendants Chiu and Liu, they included Mr. Purnama in management meetings geared to address those issues.

19. For most of Plaintiff's employment, she was the only woman working on Kinjo's service team.

20. Plaintiff was hired by a previous owner/manager Alex Lee.

21. After Mr. Lee left the restaurant in mid-2025, Plaintiff began to suffer discriminatory behavior by the chef de cuisine Eddie Lee.

22. Specifically, Mr. Lee was verbally abusive to Plaintiff and regularly excluded her from conversations relevant to service. Mr. Lee also refused to engage with Plaintiff when she needed help relating to orders, which impeded her ability to work efficiently. Mr. Lee intentionally ignored Plaintiff when Plaintiff communicated certain requests by customers for modifications to their orders.

23. In August 2025, Plaintiff complained to Defendants Liu and Chiu with respect to Mr. Lee's harassment. Plaintiff also complained to the general manager, Bertha Purnama, about the mistreatment, and repeatedly stressed to Ms. Purnama that she believed this was the result of her being the only woman on the floor.

24. About one week after Plaintiff's complaints, Plaintiff learned from a coworker that Defendants Chiu and Liu intended to terminate her employment.

25. Specific Defendant Liu and Chiu virtually cut Plaintiff out of employee communications and ignored her when they came to the restaurant.

26. Finally, on January 11, 2026, Defendants culminated their retaliation and terminated Plaintiff, the only female service employee in the restaurant. Defendants claimed the

termination was on account of the investors belief that Plaintiff "did not portray the company's image," which apparently involved a fully male service team.

27. Defendants replaced Plaintiff with a male employee.

**FIRST CLAIM FOR RELIEF**
**New York State Human Rights Law ("NYSHRL")**
**N.Y. Exec. L. §§ 290 et seq. – Gender Discrimination**
**Brought Against Defendants Kinjo Dumbo LLC,**
**and Defendants Chiu and Liu**

28. Plaintiff realleges and incorporates by reference all previous paragraphs.

29. In violation of the NYSHRL, Defendants discriminated against Plaintiff because of her gender.

30. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily protected civil rights.

31. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary and non-monetary damages, including but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation, and anguish.

32. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages, back pay, and emotional distress; punitive damages; front pay; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York State Human Rights Law ("NYSHRL")**
**N.Y. Exec. L. §§ 290 et seq. – Retaliation**
**Brought Against Defendants Kinjo Dumbo LLC,**
**and Defendants Chiu and Liu**

33. Plaintiff realleges and incorporates by reference all previous paragraphs.

34. In violation of the NYSHRL, Defendant intentionally retaliated against Plaintiff for complaining about discrimination.

35. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily protected civil rights.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

38. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages, back pay, front pay, and emotional distress; punitive damages; pre/post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**New York City Human Rights Law ("NYCHRL")**
**N.Y.C. Admin. Code § 8-107, et seq. – Gender Discrimination**
**Brought Against Defendants Kinjo Dumbo LLC,**
**and Defendants Chiu and Liu**

39. Plaintiff realleges and incorporates by reference all previous paragraphs.

40. In violation of the NYCHRL, Defendants discriminated against Plaintiff because of her gender.

41. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily protected civil rights.

42. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary and non-monetary damages, including but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation, and anguish.

43. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages, back pay, and emotional distress; punitive damages; front pay; pre- and post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**New York City Human Rights Law ("NYCHRL")**
**N.Y.C. Admin. Code § 8-107 et seq. – Retaliation**
**Brought Against Defendants Kinjo Dumbo LLC,**
**and Defendants Chiu and Liu**

44. Plaintiff realleges and incorporates by reference all previous paragraphs.

45. In violation of the NYCHRL, Defendant intentionally retaliated against Plaintiff for complaining about discrimination.

46. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily protected civil rights.

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

49. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages, back pay, front pay, and emotional distress; punitive damages; pre/post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.)**
**Brought against all Defendants**

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. Plaintiff routinely worked in excess of forty (40) hours per workweek.

52. Defendants failed to pay Plaintiff one and a half times her regular hourly rate for all overtime hours worked, and they failed to keep records required by the FLSA and relevant regulations, even though Plaintiff was entitled to overtime.

53. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(New York State Overtime Violations,**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**Brought against all Defendants**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

56. Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times her regular rate for hours worked in excess of forty (40) hours per workweek.

57. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
**New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 et seq.
Brought against all Defendants**

58. Plaintiff realleges and incorporates by reference all previous paragraphs.

59. Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

60. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

63. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

64. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

65. Plaintiff seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### EIGTH CLAIM FOR RELIEF
**Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 196-d, 198**
**Brought against all Defendants**

66. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

67. Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff.

68. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### NINTH CLAIM FOR RELIEF
**New York Wage Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought against all Defendants**

69. Plaintiff realleges and incorporates by reference all previous paragraphs.

70. Defendants did not provide Plaintiff with wage notices that contained the information required under N.Y. Lab. Law § 195.

71. As a result of Defendant's unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including compensatory and liquidated damages, to be paid by Defendants;

B. An award of punitive damages, to be paid by Defendants;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663, N.Y. Exec. L. § 297, N.Y.C. Admin. Code § 8-502, and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 29, 2026

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10004
Tel: (212) 688-5640
maimon@jk-llp.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.